UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON D. MCGOWAN,

      Petitioner,                          Civil No. 2:20-CV-11398
                                        HONORABLE SEAN F. COX

v.

LES PARISH,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jason D. McGowan, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for conspiracy to commit armed robbery, Mich. Comp. Laws § 750.529, felony-firearm, Mich. Comp. Laws § 750.227b, and being a third felony habitual offender, Mich. Comp. Laws § 769.11. For the reasons that follow, the petition for a writ of habeas corpus is DENIED.

## I. Background

Petitioner pleaded guilty to the above charges in the Saginaw County Circuit Court. In exchange for his guilty plea, the prosecutor agreed to dismiss two other charges against petitioner. The parties agreed that each side could argue how the sentencing guidelines should be scored and applied. (ECF No. 7-13, PageID.305-06). Petitioner acknowledged that these were the terms of the plea agreement. (*Id.*, PageID.306-07). Petitioner acknowledged that he had reviewed the advice of rights form with his counsel, had signed it, and agreed that he would be waiving his right to a trial by pleading guilty. Petitioner also acknowledged that as a result of pleading guilty, any

1

appeal would be by leave rather than by right. (*Id.*, PageID.307). In response to questions from the judge, petitioner denied that any off-the-record promises or threats had been made to induce his plea. (*Id.*, PageID.307-08).  Petitioner was advised of the maximum penalties for the offenses that he was pleading guilty to.  Petitioner indicated he was pleading guilty freely and voluntarily. (*Id.*, PageID.309).

Petitioner claims that during the plea hearing, the judge had an "off-the-record" conversation with petitioner. The judge asked petitioner, "Did you attempt an armed robbery March 11, 2015, at the address on Ivanhoe and agree to do so with Talkington, Bobian, and/or other persons?". The transcript then says (Discussion off the record)(ECF No. 7-13, PageID.310). During this "off-the-record" discussion, petitioner claims he answered the judge's question by stating, "No, I didn't do it." Petitioner claims the judge responded, "If you don't take the plea that the prosecutor is offering and you come back to this court on all charges, I'm going to give you a double life sentence."

Back on the record, petitioner's attorney assisted him in making out a factual basis for the plea by asking him questions about his involvement in the offenses. The prosecutor also asked petitioner several questions to clarify his involvement in the crimes. (*Id.*, PageID.310-16).  During this process, when petitioner appeared to be having a problem making out a factual basis for the plea, the judge said to petitioner:

> Think carefully. You know whether or not you were there. If you want a trial on all of them, you're looking at life on the armed robbery, two years, you're looking at another life and another two years. That will be - - you'll be convicted if the jury buys the evidence, and you know what the evidence was. I wasn't there. You know what happened.

(*Id.*, PageID.313-14).

Ultimately, the court accepted petitioner's plea to the underlying charges and to being a habitual offender. (ECF No. 7-13, PageID.316).

Petitioner, through new counsel, moved to withdraw his guilty plea. At the plea withdrawal hearing, petitioner told the court, "[Y]ou told me, well, if I don't take the plea and come back before you on all charges and get found guilty, you giving me double life. You did not say that it's a possibility you could get life or nothing. You told me that you was giving it to me, which, in the - - which the law states that that is a violation of my rights, and I got it wrote down right here that I'm supposed to get threatened taking no plea". (ECF No. 7-17, PageID.350). The judge denied that this was what happened. (*Id.*). Petitioner replied: "And I wouldn't never - - I wouldn't never consider even taking a plea. When I told you no, I was telling you the truth, and that's why, after I was gone, my co-defendant wasn't even in here, he came off the thing and told you that I had nothing to do with the case, that - - that I didn't have no conversation with him, that Christopher Talkington, now he got a deal to lie on me and I got full, inconsistent statements waiting right now. I can show you the paperwork. This is my life I'm fighting for." (*Id.*, PageID.352-53).  The judge noted that petitioner had pleaded guilty to the charges.  The judge also stated that the record would reflect he was very careful in accepting petitioner's plea of guilty and that he always tells defendants not to plead guilty to anything they didn't do. The judge also indicated that petitioner was currently on his fourth attorney and wanted to withdraw his plea. (*Id.*, PageID.353).

Petitioner then commented about his prior (third) attorney by saying: "She didn't tell me I was pleading out that day. That's what I told you when I'm - - when I presented that - - that motion I made up, did I not? Didn't I say I didn't know I was pleading out? I

said she was talking about possible numbers I might be getting, but then I came in here and then I ended up talking about didn't this happen and this and if I don't take this plea, which I don't know what I'm getting sentenced to, I didn't know what was going on. So - - and the law states that I can't get convicted of that, that I supposed to know what's going on with my life, and that's what - -that's what I was paying the lady for, to be informed. The lawyer have a obligation, a duty, to inform me of everything. I must be advised of what's going on because it is my life, and without that, I was basically coerced into taking this. I was set up by my lawyer, and that's why, when she came and I fired her that day, she told you that I wished to withdraw my plea." (*Id.*, PageID.354-55). Petitioner then indicated that: "I would like to exercise my right to a trial and I would like to use my co-defendant, Jesse Bobian, as my witness." (*Id.*, PageID.355). The judge denied the motion to withdraw, ruling that, "the gentleman's plea was understandingly, knowingly, voluntarily, and accurately made." (*Id.*, PageID.355-56, 357).

At the next court date, petitioner was sentenced to 25 to 45 years in prison for conspiracy to commit armed robbery consecutive to 2 years for felony firearm.

Petitioner's conviction was affirmed on appeal. *People v. McGowan,* No. 339235 (Mich. Ct. App. Aug. 21, 2017); *lv. den.* 501 Mich. 1038, 908 N.W.2d 907 (2018).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. McGowan,* 15-041379-FC (Saginaw County Cir. Ct., May 21, 2019). The Michigan appellate courts denied petitioner leave to appeal. *People v. McGowan,* No. 350328 (Mich. Ct. App. Dec. 12, 2019); *lv. den.* 505 Mich. 1043, 941 N.W.2d 647 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The Defendant has the right to withdraw his guilty pleas where he was coerced by the plea taking judge and scared into pleading guilty to crimes he did not commit,

and where the plea taking judge told him if he didn't take the plea and came back after being convicted at trial he was going to give him two life sentences.

II. Defendant is entitled to an opportunity to withdraw his plea because the factual basis for that plea is insufficient as acts charged and admitted do not state a violation of the offenses to which Defendant plead [sic] guilty.

III. Defendant's plea was not voluntary as it was entered with the mistaken belief that he could appeal the denial of his pretrial motions.

IV. Defendant was denied effective assistance of counsel and a fair trial by his attorney's admission of his guilt on the charged offenses. US Const Am VI; XIV; Mich Const Art I Sec 20

V. Petitioner must be permitted to withdraw his guilty plea because the so called plea "bargain" held no benefit for him. Petitioner's plea was involuntary, unknowing, and unintelligent, in violation of the state and federal due process clauses, where it was premised on this illusory bargain and where he was given inadequate assistance from counsel in considering it.

VI. The trial judge violated Petitioner's due process right to a fair trial when he engaged in a bias [sic] opinion that expressed the judges [sic] belief in the prosecution's case and disbelief in Defendants [sic]

VII. Defendant was denied the effective assistance of counsel guaranteed by the federal constitution where his appellate counsel neglected strong and critical issues which must be seen as significant and obvious.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

**A.  Claim # 1.  The plea withdrawal claim.**

Petitioner first argues that he should have been permitted to withdraw his guilty plea because he was coerced by the judge into pleading guilty by (1) the judge's participation in the plea negotiations, and (2) by implied threats made by the judge on the record and explicit threats allegedly made off the record that the judge would sentence petitioner to two life sentences if petitioner went to trial and was convicted of all of the charges.

Petitioner has no federal constitutional right to withdraw his guilty plea. *See Hynes v. Birkett,* 526 F. App'x 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748(E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. A habeas petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.*

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties for the charges and the rights that he would be waiving by pleading guilty.  Petitioner was advised of the terms of the plea agreement and

acknowledged that this was the complete terms of the agreement.  In response to the trial court's questions, petitioner denied that any threats or coercion had been used to get him to plead guilty.

Petitioner initially claims that his plea was involuntary because the trial judge impermissibly participated in the plea negotiations.  The Court reviewed the plea transcript.  There is no indication from the record that the judge participated in any way in the plea negotiations with the parties. Fed. R. Crim. P. 11 proscribes judicial participation in plea discussions, but it was adopted as a prophylactic measure and is not impelled by the Due Process Clause or any other federal constitutional requirement. *United States v. Davila,* 569 U.S. 597, 610-11 (2013).  Thus, although Fed. R. Crim. P. 11(e)(1) prohibits judicial participation in plea negotiations, it is not a federal constitutional rule; therefore, its prohibition on judicial participation in plea bargaining in the federal courts does not necessarily invalidate every instance of judicial participation in the negotiation of a guilty plea in state courts nor would it entitle petitioner to habeas relief. *Alvarez v. Straub,* 21 F. App'x 281, 283 (6th Cir. 2001)(quoting *Frank v. Blackburn,* 646 F.2d 873, 880 (5th Cir. 1980)).  In the present case, the judge merely ascertained from the parties whether there had been a plea agreement. The judge further advised petitioner of the rights he would be giving up by pleading guilty. The evidence in the record indicates that the trial court judge's remarks, on their face and in light of the surrounding environment in which they occurred, were not inherently coercive or prejudicial to petitioner's rights, because there is no evidence which demonstrates that the trial court judge's remarks "were stern, overbearing or determined to intimidate" petitioner into pleading guilty. *See Caudill v. Jago,* 747 F.2d 1046, 1050-51 (6th Cir. 1984).

Petitioner, however, also claims that the judge coerced petitioner into pleading guilty by making implicit threats on the record, and explicit threats off the record, that he would sentence petitioner to life in prison if petitioner rejected the plea and went to trial.  Petitioner points to the

judge's comments on the record where, in response to petitioner having difficulty about making out a factual basis for the plea, the judge warned him that he was looking at the possibility of a life sentence on the charge he was pleading to, plus another possible life sentence on a charge being dropped if he went to trial and was convicted.  Petitioner also alleges that the judge off the record told petitioner the judge would give him double life sentences if he went to trial and lost.

Petitioner has not presented any affidavits to this Court in support of his claim that the judge made an off the record threat to give him a double life sentence if he went to trial and lost. Petitioner's appellate counsel, however, did provide affidavits to the Michigan Court of Appeals from his sister, Genea McGowan,[1] and Jeanett L. Kellog, claiming that the judge warned petitioner off the record that petitioner would receive a double life sentence if he rejected the plea, went to trial, and lost. Both affidavits are signed and dated June 12, 2017, which would be nine months to the day after the guilty plea. (ECF No. 7-21, PageID.555-56).  Petitioner in his motion for relief from judgment, in addition to attaching these two affidavits, also attached affidavits from Fernando Pentoja, dated April 5, 2019, which makes the same allegation. (ECF No. 7-19, PageID.427).  The judge, on the other hand, at the plea withdrawal hearing denied making such a threat.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1).  The judge denied that he made any off the record threats to force petitioner to plead guilty.  A federal court on habeas review must defer to a state judge's factual finding that no off the record threats or promises had been made to induce a petitioner's guilty plea in the absence of clear and convincing evidence to the contrary. *See, e.g., Phipps v.*

---

[1] Petitioner's appellate counsel identified Ms. McGowan as petitioner's sister in the initial appellate brief. (ECF No. 7-21, PageID.455).

*Romanowski*, 566 F. Supp. 2d 638, 646–47 (E.D. Mich. 2008). Petitioner has failed to present clear and convincing evidence to rebut the judge's findings. Petitioner also has not presented any affidavits to this Court in support of his claim. The affidavits petitioner presented to the state court are suspect, particularly considering that at least one of the persons who supplied affidavits on petitioner's behalf is petitioner's sister. These affidavits were signed months, or in one case, years after petitioner pleaded guilty, raising questions about the accuracy of the affiants' memories of the event. An additional difficulty with an alleged off-the-record discussion is that a "petitioner's [or other person's] imagination can treat [it] in many ways without fear of documentary contradiction." *Oyague v. Artuz*, 274 F. Supp. 2d 251, 258–59 (E.D.N.Y. 2003). As far as the judge's on the record admonition that petitioner faced two possible life sentences if he went to trial and lost, this was not coercive, because the statement was accurate and the judge was simply advising petitioner of the consequences of going to trial. *Id.* at 258. It is quite possible that any off the records by the judge concerning petitioner's exposure to a life sentence if convicted after a trial were made in the same vein.

In any event, petitioner's claim that he was coerced into pleading guilty by the judge, or anyone else for that matter, is defeated by the fact that petitioner stated on the record at the plea hearing that no threats or coercion had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was coerced into pleading guilty is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51. Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F.2d 236,

10

239 (6th Cir. 1987). Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until after he pleaded guilty undermines the credibility of his claim that he was coerced into pleading guilty. *See United States v. Ford,* 15 F. App'x 303, 309 (6th Cir. 2001).

Petitioner is not entitled to habeas relief on his first claim.

**B.   Claims # 2-7. The procedurally defaulted claims.**

Respondent argues that petitioner's remaining claims are procedurally defaulted, because he raised his claims for the first time in his post-conviction motion and the trial court rejected the claims because petitioner failed to show good cause, or actual prejudice, as required by M.C.R. 6.508(D)(3), for failing to raise the claims on his direct appeal.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant post-conviction relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. McGowan,* 505 Mich. at 1043. The Michigan Court of Appeals denied petitioner's post-conviction appeal in a form order "because the defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. McGowan,* No. 350328 (Mich. Ct. App. Dec. 12, 2019)(ECF No. 7-23, PageID.596). These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claims on his direct appeal as their rationale for rejecting his post-conviction appeals.  Because the form orders in this case are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Saginaw County Circuit Court judge, in rejecting petitioner's post-conviction claims, cited to M.C.R. 6.508(D) at the beginning of his opinion, including the "cause and prejudice" standard under M.C.R. 6.508(D)(3). *People v. McGowan,* 15-041379-FC, *2-3 (Saginaw County Cir. Ct., May 21, 2019)(ECF No. 7-20, PageID.445-46). The judge then stated that petitioner failed to show that he was actually prejudiced by any defects in the plea proceedings, so as to entitle him to relief under M.C.R. 6.508(D)(3). *Id.,* at *3 (*Id.*, PageID.446).

12

Petitioner's second through sixth claims are procedurally defaulted because the state judge expressly relied on the provisions of M.C.R. 6.508(D)(3) to deny petitioner post-conviction relief. *See Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019); *Dufresne v. Palmer*, 876 F.3d 248, 255 (6th Cir. 2017).

The fact that the trial judge may have also discussed the merits of petitioner's claims in his opinion and order denying post-conviction relief in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims in the initial post-conviction motion does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999).  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991).  Petitioner's second through sixth claims are procedurally defaulted.[2]

Petitioner argues that any default should be excused because appellate counsel was ineffective for failing to raise his second through sixth claims on his direct appeal.  It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

---

[2] Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise these claims. *See Guilmette,* 624 F.3d at 291. However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 463 U.S. at 753 (citations omitted).

The Supreme Court has subsequently noted that:

> Notwithstanding *Barnes*, it is still possible to bring a *Strickland* [*v. Washington*, 466 U.S. 384 (1984)] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins,* 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by failing to raise petitioner's first ineffective assistance of trial counsel claim on the direct appeal. Appellate counsel filed an appellate brief which raised what makes up petitioner's first claim.[3] Counsel also filed a motion to add affidavits in support of

---

[3] *See* Delayed Application for Leave to Appeal, ECF No. 7-21, PageID.450-64.

petitioner's coerced plea claim, along with the affidavits.[4] Petitioner failed to show that appellate counsel's strategy in presenting this claim and not raising other claims was deficient or unreasonable.  Moreover, for the reasons stated by the Assistant Michigan Attorney General in his answer to the petition for a writ of habeas corpus, petitioner's remaining claims were not "dead bang winner[s]."  Petitioner failed to establish cause for his procedural default for not raising his remaining claims on direct review. *See McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Because petitioner's ineffective assistance of trial counsel claim lacked merit, this Court rejects the independent ineffective assistance of appellate counsel claim raised by petitioner in Claim # 7.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010).

Petitioner has not demonstrated any cause for the procedural default of his second through sixth claims, therefore, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his claims as a ground for a writ of habeas corpus in spite of the procedural default.

"To show actual innocence in a guilty plea context, a petitioner must show not only that he is innocent of the charge he seeks to attack, he also must show that he is actually innocent of the other charges the government chose to forego during the plea bargaining process." *Howard v. U.S. Dep't of Justice*, 3 F. App'x 269, 270 (6th Cir. 2001)(citing *Bousley v. United States*, 523 U.S. 614, 624 (1998); *Luster v. United States*, 168 F.3d 913, 915 (6th Cir. 1999)).  Petitioner failed to show that he was innocent of either the charges that he pleaded guilty to or to the two

---

[4]  *See* ECF No. 7-21, PageID.552-56.

charges that were dismissed as part of the plea agreement. Because petitioner failed to show that he was innocent of all the charges, he failed to establish his innocence to excuse his default.

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). The reasons justifying the denial of the claims that petitioner raised for the first time in his post-conviction motion were "ably articulated by the" Saginaw County Circuit Court judge in his opinion denying the motion for relief from judgment. Thus, "the issuance of a full written opinion" by this Court regarding these claims "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins,* 328 F. App'x 323, 324 (6th Cir. 2009).

## IV. Conclusion

The Court will deny the petition for a writ of habeas corpus. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an

appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Petitioner is denied leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *Id.*

### V. <u>ORDER</u>

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


Dated: December 9, 2022                    s/Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge